ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Robert Fried, State Bar No. 85579
Deanna J. Mouser, State Bar No. 143187
5776 Stoneridge Mall Road, Suite 200
Pleasanton, California 94588
Telephone: (925) 227-9200
Facsimile: (925) 227-9202

Attorneys for Defendant
MISSION ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL GONZALEZ,<br><br>       Plaintiff,<br><br>v.<br><br>MISSION ELECTRIC COMPANY, aka<br>MISSION ELECTRIC, DOES 1 to 10,<br><br>       Defendants. | CASE NO.   C 07-04719 JL<br><br>**JOINT CASE MANAGEMENT<br>CONFERENCE STATEMENT**<br><br>DATE:    December 19, 2007<br>TIME:    10:30 a.m.<br>CTRM:   F, 15th Floor<br>JUDGE:  The Honorable James Larson |

       Plaintiffs and Defendants in the above-titled action jointly submit this Case Management Statement.

**PREFACE**

       1.    <u>Jurisdiction and Service</u>:  On June 14, 2007, the original action was commenced in the Superior Court of the State of California in and for the County of Alameda, entitled *Joel Gonzalez v. Mission Electric Company, aka Mission Electric*, Case Number RG07330850. Pursuant to Local Rule 3-5 (a), this action is a civil action of which this Court has original jurisdiction and which may be removed to this court by Defendant pursuant to the provisions of 28 U.S.C. section 1441(b) in that it arises under the following law of the United States:  Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2).  Pursuant to Local Rule 3-2 (c) and (d),

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
5776 STONERIDGE MALL ROAD, SUITE 200
PLEASANTON, CALIFORNIA 94588
TELEPHONE: (925) 227-9200
FACSIMILE: (925) 227-9202

-1-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
5776 Stoneridge Mall Road, Suite 200
Pleasanton, California 94588
Telephone: (925) 227-9200
Facsimile: (925) 227-9202

1   this action is appropriate for assignment to the Oakland Division or San Francisco Division

2   because the action arose in Alameda County.  (N.D. Local Rules 3-2 (c) and (d) and 3-5 (b).)

3       2.    Facts:

4       PLAINTIFF'S RECITATION OF FACTS:

5       Plaintiff is a Mexican American.  He is a former employee of Mission Electric Company,

6   (hereinafter referred to as "defendant").  He began working for defendant, as an electrician on or

7   about May 8, 2004.  He satisfactorily performed his job duties and the conditions of his

8   employment with reasonable competence, consistent with the practices and policies of defendant

9   until January 9, 2007 when he was unlawfully terminated from his job.  On or about

10  October 14, 2005, plaintiff was injured while on the job.  Plaintiff filed a workers' compensation

11  claim.  He was off work for about 1 ½ months because of his injury.  After he returned to work

12  and worked for about eight months, defendant terminated his employment, without reasonable

13  cause, in retaliation for his taking time off from work for his work-related injury and or in

14  retaliation for his filing a workers' compensation claim, and or motivated by plaintiff's race, ethnic

15  background and or national origin.  Defendant's human resources department advised plaintiff

16  that he was being laid off because work was too slow at the time.  After plaintiff was terminated

17  from his job, he discovered that defendant was advertising to hire electricians on its company vans

18  and on the internet.

19      DEFENDANT'S RECITATION OF FACTS

20      Plaintiff was a trainee (non journeyman) entry level electrician with a performance record

21  indicating deficiencies in a number of areas.  He was not a certified electrician and therefore could

22  not, inter alia, work alone under California law.  Although Plaintiff was laid off due to declining

23  work, he was eligible for re-hire if work picked up, provided that work at his performance and

24  capability level was available.  Priority for hiring in the layoff and subsequent hiring was given

25  premised on performance capabilities including, inter alia, the ability to work alone under

26  California law and certified electrician status.  It should be noted that it is the general practice of

27  Mission employees who are laid off to call in periodically to request re-hire if work picked up.

28  Plaintiff did not call in to request re-hire at any time after his layoff.  A review of an initial

-2-

1  compilation of statistical information correlating staffing, workers' compensation claims and

2  ethnicity was supplied by Defendants with their initial disclosures and is consistent with the

3  representation of Defendants that no unlawful discriminatory actions occurred with respect to

4  Plaintiff on the basis of any status based characteristic alleged in the complaint as filed.

5      3.    Legal Issues:  None

6      4.    Motions:  No motions have been filed in this action.  Plaintiff does not anticipate

7  filing any motions.  Defendant anticipates filing adjudicatory motions after initial discovery.

8      5.    Amendment of Pleadings:  None

9      6.    Evidence Preservation:  The parties have discussed the applicability of current

10  federal rules to this action and shall act in accordance therewith.  They do not presently believe

11  any issues exist with respect to electronic discovery.

12      7.    Disclosures:  The parties have served their Initial Disclosures.

13      8.    Discovery:  Plaintiff intends to serve defendant with interrogatories; a request for

14  production of documents; and deposed a defendant's PMK of facts supporting its reasons for

15  terminating plaintiff's employment. Defendant will seek a deposition of Plaintiff but is inclined to

16  proceed with an initial PMK by Plaintiff prior thereto.

17      9.    Class Actions:  This is not a class action.

18      10.   Related Cases:  There are no related cases or proceedings pending elsewhere.

19      11.   Relief:  Plaintiff is requesting damages for emotional distress in the sum of

20  $1,000,000.00; lost income, in an amount to be determined; punitive damages in the sum of

21  $2,000,000.00; attorney fees, in an amount to be determined.

22      12.   Settlement and ADR:  The parties requested a telephone conference because they

23  could not agree to participate in ADR.  We request a settlement conference before a Magistrate

24  Judge after completing discovery.  We request the settlement conference to be conducted in April

25  2008.

26      13.   Consent to Magistrate Judge for all purposes:  The parties consent to the case

27  being assigned to a Magistrate Judge for all purposes.

28      14.   Other References:  None at this time.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
5776 STONERIDGE MALL ROAD, SUITE 200
PLEASANTON, CALIFORNIA 94588
TELEPHONE: (925) 227-9200
FACSIMILE: (925) 227-9202

009318.00011/134676v1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
5776 STONERIDGE MALL ROAD, SUITE 200
PLEASANTON, CALIFORNIA 94588
TELEPHONE: (925) 227-9200
FACSIMILE: (925) 227-9202

1    15.    <u>Narrowing of Issues:</u>  This case is essentially factual in nature at the present time.

2    16.    <u>Expedited Schedule</u>:  No request is currently pending.

3    17.    <u>Scheduling</u>:  Plaintiff requests a trial be set for June 2008.  Defendant does not

4    agree for reasons of scheduling and substance.  In the first instance, Defense counsel has three

5    matters currently set that month, one of which is in Washington, D.C.  Defense counsel also

6    believes that this matter is not presently ripe for trial setting.  Defendant notes that the operative

7    merits of this action and its ripeness for trial, motion practice and/or settlement should be

8    ascertainable after the initial PMK is conducted by Plaintiff.  Defendant suggests that a further

9    case management conference be set establishing relevant dates after that.  However, on the

10   reasonable assumption that such a PMK can occur prior thereto, the parties request a settlement

11   conference be set for April 2008.  If the Court is inclined to otherwise set a trial date, Defense

12   counsel suggests a trial be set for the week commencing November 17, 2008.

13   18.    <u>Trial</u>:  The parties estimate that a jury trial will last seven (7) to ten (10) days.

14   19.    <u>Disclosure of Non-Party Interested Entities or Persons</u>:  Neither Plaintiffs nor

15   defendants are aware of any non-party entities or persons having an interest in the outcome of this

16   action.  Plaintiff has not filed a Certification of Interested Entities or Parties pursuant to Civil

17   Local Rule 3-16.

18   20.    <u>Other Matters</u>:  There are no other matters presently known to require attention at

19   the Case Management Conference in this matter.

20   DATED:  December 12, 2007        ATKINSON, ANDELSON, LOYA, RUUD & ROMO

21                                                                  /s/ Robert Fried

22                                        By: _____
                                                Robert Fried,
23                                              Deanna Mouser
                                         Attorneys for Defendants
24                                       MISSION ELECTRIC COMPANY

25
     DATED:  December 12, 2007        LAW OFFICES OF MICHAEL C. COHEN
26                                                                  /s/ Michael C. Cohen
27                                        By: _____
                                                Michael C. Cohen,
28                                       Attorneys For Plaintiff JOEL GONZALEZ

-4-